# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-325V
**Filed: September 8, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| MICHAEL PRATER and | * | UNPUBLISHED |
| KIMBERLY PRATER, parents of | * | |
| minor child, C.M.P., | * | Special Master Gowen |
| | * | |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs; |
| v. | * | Reasonable Amount Requested to |
| | * | which Respondent Does Not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

<u>David Porter Murphy</u>, Greenfield, IN, for petitioners.
<u>Michael Milmoe</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On May 8, 2013, Michael and Kimberly Prater ("petitioners") filed a petition on behalf of their minor son, C.M.P., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners allege that C.M.P. developed chronic Idiopathic Thrombocytopenic Purpura ("ITP") as a result of a varicella vaccine administered to him on July 16, 2010. Petition at 1. On July 21, 2014, a decision was entered awarding compensation based on the parties' stipulation.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 26, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to a total award to petitioners of attorneys' fees and costs in the amount of $11,046.26. In accordance with General Order #9, petitioners' counsel filed a statement on September 8, 2014 representing that petitioners personally incurred fees related to the prosecution of this case in the amount of $161.00. See Petitioner's General Order Number 9 Statement, dated Sept. 8, 2014, at 1. The parties stipulate that the total award of $11,046.26 includes petitioners' costs in the amount of $161.00, and petitioner's attorney's fees in the amount of $10,885.26. See J. Status Rep., filed Sept. 8, 2014.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned GRANTS the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioners and to petitioner's attorney, David P. Murphy, of David P. Murphy, P.C., in the amount of $10,885.26, and

(2) in the form of a check payable to petitioners only in the amount of $161.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.

**IT IS SO ORDERED.**

> s/ Thomas L. Gowen
> Thomas L. Gowen
> Special Master